UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINKA TACUMA WADE MOYE,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES GOVERNMENT; *et al.*,<br><br>   Defendants.<br>_____/ | No. C-13-2173 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Malinka Tacuma Wade Moye, an inmate at the San Francisco County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

In his complaint in this action, Plaintiff alleges many conclusions but virtually no facts. He alleges that Defendants "conspired successfully to assault, rob, defraud & attain fraudulent bank loans by plaintiff's realty property. Then attempted to fraudulently transfer again. Plaintiff unconstitutionally jailed. Defendants aided by authorities & U.S. Gov & City & County of S.F. Plaintiff denied trial. Illegally jailed over 24 mos. this time. Other time fake trial, plaintiff not guilty. Defendant's attempting to do it again." Docket # 1 at 3 (errors in source).

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint has numerous defects and must be dismissed. First, the complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). The conclusory allegations in the complaint fail to satisfy some of the basic purposes of a complaint: framing the dispute and giving the defendants and court notice of the claims upon which relief is sought. "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In his amended complaint, Plaintiff must allege a short and plain statement of each claim for relief he wishes to assert.

Second, the complaint does not link any Defendant to a legal claim. In his amended complaint, Plaintiff must be careful to allege facts showing the basis for liability for each Defendant. He should not refer to them as a group (*e.g.*, "the Defendants"); rather, he should identify each involved Defendant by name and link each of them to his claim by explaining what each involved

2

Defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

For each instance of a constitutional violation, Mr. Moye should name each person who violated his constitutional right(s), describe what each person did or failed to do that caused a violation of his constitutional right(s), state where the violation occurred, and state when the violation occurred.

Finally, the Court notes that Plaintiff has been declared a vexatious litigant and is subject to a pre-filing review in this court. *See Moye v. Collins*, No. 09-3893 MHP (Dec. 3, 2009 order declaring Plaintiff a vexatious litigant); *Moye v. City & County of San Francisco*, No. 09-3892 WHA (Dec. 21, 2009 order dismissing action and requiring prefiling review). Due to the Court's inability to understand the substance of the allegations in the complaint in the present action, the Court currently is unable to determine whether the action should be dismissed as barred by the prefiling review order.

## IV. CONCLUSION

The complaint fails to state a claim upon which relief may be granted. Leave to amend is granted so that Plaintiff may attempt to state a claim against Defendants. The amended complaint must be filed no later than **November 15, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: October 9, 2013

EDWARD M. CHEN
United States District Judge