UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINKA TACUMA WADE MOYE, | No. C-13-2173 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| UNITED STATES GOVERNMENT; *et al.*, | |
| Defendants. | |

Malinka Tacuma Wade Moye, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court reviewed the complaint and dismissed it with leave to amend to cure several specific deficiencies. Plaintiff then filed a motion to recuse the undersigned and an amended complaint.

A. <u>Recusal Motion</u>

Plaintiff's motion to recuse the undersigned is largely incomprehensible, but appears to argue that the undersigned should recuse himself because he has had social communications with, and may have had his picture taken with, California Supreme Court Chief Justice Tani Cantil-Sakauye, San Francisco assistant District Attorney Paul Henderson and San Francisco Mayor Ed Lee.

Recusal is the process by which a federal judge may be disqualified from a given case. Motions to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Section 455 also provides grounds for disqualification, and requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

*See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976).

Moye's recusal motion does not meet the legal sufficiency requirement of § 144 because the allegations of bias are conclusory and no affidavit or declaration under penalty of perjury was submitted. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). Moye's recusal motion also does not require disqualification under § 455. The Court notes that, due to Plaintiff's failure to adequately plead a claim as discussed in the next section, the Court cannot even determine what connection these alleged social acquaintances – none of whom are Defendants – have to the dispute in this action. The recusal motion is **DENIED**. (Docket # 5.)

B. The Amended Complaint

Plaintiff filed an amended complaint in response to the Court's order of dismissal with leave to amend. The amended complaint, like the original complaint, alleges many conclusions but virtually no facts. The very garbled amended complaint (Docket # 6) fails to cure the deficiencies identified in the order of dismissal with leave to amend. First, the amended complaint fails to allege "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *See* Docket # 4 at 2 (quoting Fed. R. Civ. P. 8(a)(2)). Second, the amended complaint does not link any Defendant to a legal claim by alleging what any Defendant did or failed to do that caused a violation of Plaintiff's rights. *See id.* at 2-3. The amended complaint will be dismissed for failure to state a claim upon which relief may be granted. Further leave to amend will not be granted because the Court already explained what Plaintiff needed to do to plead a claim under 42 U.S.C. § 1983, and he was unable to do so.

The amended complaint makes several references to 28 U.S.C. § 1443 and § 1446, and appears to request the removal of Plaintiff's state criminal action to federal court. The Court

declines to construe the civil rights complaint to be a notice of removal because the document fails to satisfy the several procedural and substantive requirements for removal of a state criminal prosecution to federal court. First, Plaintiff failed to file the right document: a notice of removal rather than a civil rights complaint is the document to file to remove an action from state to federal court.[1] *See* 28 U.S.C. § 1455(a). Second, Plaintiff failed to provide the required "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* Third, it is too late to remove the criminal action from state court because it has been pending since 2011: without a showing of good cause (which Plaintiff has not made), a notice of removal must be filed by the earlier of "30 days after the arraignment in the state court, or at any time before trial." *Id.* at § 1455(b)(1). Finally, Plaintiff has not made the required substantive showing for removal of a case under § 1443: "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" and that the petitioner is denied or cannot enforce the specified federal right in the state courts. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 803 (1966)).

For the foregoing reasons, this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: December 20, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[1] In a separate action, Plaintiff recently did file a notice of removal in an effort to have the state criminal prosecution removed to federal court, but the district court remanded the criminal case back to state court in an order of remand issued on December 11, 2013. *See* Docket # 11 in *Moye v. People of the State of California*, Case No. C 13-5405 PJH.